UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SUSAN SKIPP, *et al.*,
    *Petitioners*,

v.

KEN PAXTON, *et al.*,
    *Defendants*.

No. 3:16-cv-01619 (JAM)

**ORDER DISMISSING PETITION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Petitioner Susan Skipp has filed a petition for writ of habeas corpus seeking to obtain custody of her minor children. Based on my review of the petition, it is clear that petitioner has not alleged facts that give rise to plausible grounds for relief. Accordingly, the Court will *sua sponte* dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### BACKGROUND

Petitioner, acting *pro se*, filed this petition under 28 U.S.C. § 2254, seeking the immediate return of her children "from the foster care system/State of Connecticut State of Texas." Doc. #1 at 4 (¶ 19). Although this petition does not state the whereabouts of petitioner's children, another habeas corpus petition filed by petitioner only two months before this petition was filed indicates that petitioner's children were taken to Texas by their father (petitioner's ex-husband) and his wife. *See Skipp v. Connecticut*, 3:16-cv-1194-MPS (Doc. #1 at 6).

### DISCUSSION

This Court has authority to review and dismiss *sua sponte* an action which is frivolous or which fails to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (*per curiam*). "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as

1

when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

Under 28 U.S.C. § 2254, the Court must "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2254(a). Children who are in the custody of a parent or foster parent are "not in the 'custody' of the state within the meaning of section 2254." *Middleton v. Attorneys General*, 396 F.3d 207, 209 (2d Cir. 2005). When a child is not in state custody, "the federal courts do not have jurisdiction to review by means of a habeas application a state court's child-custody determination." *Ibid.*

Here, petitioner alleges that she is being deprived of her parental rights. Petitioner "simply seeks to relitigate, through federal habeas, not any liberty interest of her [children], but the interest in her own parental rights." *Lehman v. Lycoming Cty. Children's Svcs. Agency*, 458 U.S. 502, 512 (1982). Because she does not allege that she or her children are in state custody, this Court lacks jurisdiction to entertain her petition for a writ of habeas corpus. *Middleton*, 396 F.3d at 209.

Normally, a court should grant leave to amend when dismissing a *pro se* pleading unless any amendment would be futile. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). Here, in the total absence of any indication that petitioner or her children are in state custody, there is no basis to conclude that petitioner should be given leave to amend her complaint. Moreover, petitioner filed this action after her prior, nearly identical action was dismissed with prejudice by

Judge Shea on these very same grounds. *See Skipp v. Connecticut*, 3:16-cv-1194-MPS (Doc. #7).

Therefore, the Court declines to grant petitioner leave to amend.

## CONCLUSION

For the reasons set forth above, the petition is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 31st day of January 2017.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge